# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY B. MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:10-CV-00806-LJO-DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND<br><br>(DOC. 13)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**<u>Screening Order</u>**

**I.     <u>Background</u>**

　　Plaintiff Larry B. Moore ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on May 2, 2010.  On April 20, 2011, Plaintiff filed his first amended complaint.  Doc. 13.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary Of First Amended Complaint And Analysis

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff also alleges events at North Kern State Prison ("NKSP") in Delano, California. Plaintiff names as Defendants: California governor Edmund Brown; California state attorney general Kamala Harris; Secretary of CDCR Matthew Cate; George Giurbino, director of CDCR; Jan Stutter, principal librarian of CDCR; superintendent of CDCR education Glenn Brocking; principal at NKSP Ross Zimmerman; librarian assistant at NKSP Dennis Carr; acting warden of PVSP R. H. Trimble; associate warden of PVSP R. Fisher; vice principal at PVSP E. Lopez; librarian at PVSP R. Kevorkian; library assistant S. C. Solis; and the California Correctional Peace Officer's Association.

Plaintiff alleges denial of access to the courts. Plaintiff filed many CDCR 602 inmate appeals regarding this issue. Plaintiff contends a violation of the First, Eighth, and Fourteenth Amendments. Plaintiff fails to allege any further facts. Plaintiff requested as relief monetary damages.

Because Plaintiff has obviously failed to state a claim, the Court will dismiss his complaint. In the interest of justice, Plaintiff will be provided leave to amend his pleadings by filing a second amended complaint. The Court provides the following legal standards that appear to govern the claims in this action.

### A. Access To The Courts

Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343,

346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). For backward-looking claims such as that at issue here, plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Id.* at 413-14.

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); *see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. *Harbury*, 536 U.S. at 415. The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a). *Id.* at 417-18.

**B.     Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

///

### III.     Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a second amended complaint within **thirty (30) days** from the date of service of this order, curing the deficiencies identified; and
3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 12, 2011**              /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE