# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY B. MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMUND BROWN, et al.,<br><br>    Defendants.<br>_____/ | 1:10cv0806 LJO DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

### Screening Order

**I.  Background**

Plaintiff Larry B. Moore ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  He filed his complaint on May 10, 2010.  Plaintiff filed a First Amended Complaint on April 20, 2011.  On August 15, 2011, the Court dismissed the First Amended Complaint with leave to amend.  Plaintiff filed his Second Amended Complaint on December 7, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

**II.     Summary of Complaint**

Plaintiff is currently incarcerated in Pleasant Valley State Prison ("PVSP") in Coalinga, California, where a portion of the events giving rise to this action occurred. Plaintiff also complains of events occurring at North Kern State Prison in Delano, California. Plaintiff names the following Defendants: (1) California governor Edmund Brown; (2) California state attorney general Kamala Harris; (3) Secretary of CDCR Matthew Cate; (4) George Giurbino, director of CDCR; (5) Jan Stutter, principal librarian of CDCR; (6) superintendent of CDCR education Glenn Brocking; (7) principal at NKSP Ross Zimmerman; (8) librarian assistant at NKSP Dennis Carr; (9) acting warden of PVSP R. H. Trimble; (10) associate warden of PVSP R. Fisher; (11) principal of education at PVSP J. Wynn; (12) academic vice-principal at PVSP E. Lopez; (13) K. Nash, correctional captain at PVSP; (14) PVSP prison law librarian S.C. Solis; (15) PVSP inmate appeals coordinator J. Morgan; (16) PVSP inmate appeals coordinator D. Freeland; (17) PVSP inmate appeals coordinator L. Harton; (18) CDCR appeal examiner R. Briggs; and (19) CDCR chief of inmate appeals D. Foston.

Plaintiff alleges numerous complaints, almost all of which involve denial of access to the courts. He alleges that (1) Defendants denied him use of the prison law library without notice, explanation or alternative means of legal research/assistance during periods when prisoners were

2

faced with court deadlines in criminal and civil actions; (2) Defendants removed law and procedure books from the law library, denied required copies and charged for blank court forms that should have been provided for free; (3) the law libraries are inadequately supplied; and (4) the computers are programmed by a disk that is created and governed by CDCR.  He also alleges "deliberate indifference" in not allowing at least one computer to have internet access to keep the computer current and allow access to all court cases.  Based on these allegations, Plaintiff contends that Defendants have an unconstitutional practice, policy and custom of discouraging Plaintiff from accessing the courts.

Plaintiff next alleges that Defendants discriminated against him by denying him the accommodation of using the law library typewriter despite being an ADA inmate.  He also alleges that Defendants allow a practice, policy and custom of allowing staff to discriminate against him by "profiling" him as a jail house lawyer.

Plaintiff also alleges retaliation.  For example, he alleges that Defendants deleted case law in retaliation for Plaintiff's state and federal cases against them.  He also alleges that on information and belief, he was put up for transfer in November 2011 in retaliation for a United States Supreme Court ruling related to Defendants.

Based on these allegations, Plaintiff alleges violations of the First, Eighth and Fourteenth Amendments.  He also cites Article I, Sections 15 and 17 of the California Constitution, numerous sections of Title 15 of the California Code of Regulations and "California Civil Procedure sections" 815.6 and 2600.

He alleges that he suffered injury and contends that Defendants' acts "are violations to [his] right to timely respond to orders of the courts" and "to present and advance litigation issues before the courts."   Plaintiff alleges that these violations began in November 2005 and are ongoing.  He requests monetary, declaratory and injunctive relief.

**III.    Analysis**

A.    Rule 8

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is

3

entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff alleges that the violations began in November 2005 and were ongoing as of the time he filed his complaint. He provides, however, only general allegations without specific factual explanation. As the Supreme Court explained, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Iqbal, 127 S.Ct. 1955 (citations omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (citations omitted).

Plaintiff's complaint, which complains of events spanning at least five years, provides insufficient factual information to satisfy Rule 8.

B.   Linkage

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff fails to link any Defendant with any alleged violation. Although he refers to "Defendants" as a group, he fails to demonstrate that each Defendant personally participated in the deprivation of his rights. He does not allege that any Defendant committed a specific act, and instead makes broad-sweeping allegations against all Defendants.

If Plaintiff is alleging liability on the basis of any Defendants' roles as supervisors, Plaintiff also fails to state a claim. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a

4

theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Generally, involved in re-validating Plaintiff, Iqbal, 129 S.Ct. at 1949; Jones, 297 F.3d at 934, and Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege any facts that demonstrate Defendants personally participated in the alleged deprivation of constitutional rights, knew of constitutional violations and failed to act to prevent them, or promulgated a policy that was the moving force of a constitutional violation. Hansen, 885 F.2d at 646; Taylor, 880 F.2d at 1045.

C.  Inmate Appeals Process

To the extent Plaintiff attempts to impose liability on the numerous Defendants involved in the inmate appeals process, he cannot do so if the liability is based solely on their involvement. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). Rather, there must be personal involvement in the alleged deprivation of rights. Iqbal, 129 S.Ct. at 1949.

D.  Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey,

5

518 U.S. 343, 346 (1996); Silva v. Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Moreover, "the injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355 (emphasis in original).

Despite Plaintiff's claims of inadequate access to the law library and other library-related deficiencies, Plaintiff does not set forth facts demonstrating that he was unable to file *any* documents with *any* court. While he states generally that Defendants' acts "are violations to [his] right to timely respond to orders of the courts" and "to present and advance litigation issues before the courts," these general, conclusory statements are insufficient to show any actual harm. The absence of an injury precludes an access claim, and Plaintiff's complaint is devoid of any facts suggesting any injury occurred. Harbury, 536 U.S. at 415-16; Jones, 393 F.3d at 936. Therefore, Plaintiff fails to state a claim. He will be permitted to amend this claim.

E.    Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

6

1 legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir.2005).

2     Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities.

    Plaintiff alleges that in retaliation for filing cases against Defendants, Defendants deleted case law and put him up for transfer. He does not, however, allege that these adverse actions chilled the exercise of his rights. As explained above, his conclusory statements are insufficient. He also fails to allege that the alleged retaliatory actions did not reasonably advance a legitimate correctional goal. Plaintiff therefore fails to state a retaliation claim but will be granted leave to amend.

F.    Cruel and Unusual Punishment

    Plaintiff's Eighth Amendment claim is based on alleged deliberate indifference to computer access to internet and posting hours.

    The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder,

611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations related to denial of access to the courts do not constitute an Eighth Amendment violation. This deficiency cannot be cured and he will not be permitted to amend this claim.

G.     Fourteenth Amendment Claims

   1.     Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Here, Plaintiff alleges that Defendants discriminated against him by denying him use of the law library typewriter and by "profiling" him as a jail house lawyer. He does not, however, allege membership in a protected class. In other words, he does not state why he was allegedly discriminated against. Additionally, "profiling" Plaintiff as a jail house lawyer does not necessarily rise to the level of discrimination. Plaintiff therefore fails to state a claim but he will be given an opportunity to amend this claim.

   2.     Due Process

The exact nature of Plaintiff's due process claims is unclear, though it appears he alleges substantive and procedural due process violations based on improper conditions of confinement.

8

      a.    *Procedural*

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process. He will not be permitted to amend.

      b.    *Substantive*

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842, 118 S.Ct. 1708 (1998).

Plaintiff has not alleged any facts that would support a claim that his rights under the substantive component of the Due Process Clause were violated. Moreover, the First Amendment provides the explicit textual source for any access to the court claims. He will not be permitted to amend.

H.    California Regulations

Plaintiff alleges that Defendants violated numerous sections of Title 15 of the California Code of Regulations. However, no private right of action exists for violation of Title 15 regulations, e.g., Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

He is therefore unable to state a claim and will not be permitted to amend.

I.     California Statutes

Plaintiff cites "California Civil Procedure sections 815.6 and 2600 (prisoner civil rights)." As a threshold matter, there is no section 815.6 of the Code of Civil Procedure and it appears that Plaintiff may have meant to reference California Government Code section 815.6. Similarly, section 2600, et al., pertaining to prisoners' civil rights, appears in the California Penal Code.

California Government Code Section 815.6 creates a private right of action against a public entity for failing to perform a mandatory duty. Dept. of Corp. v. Superior Court, 153 Cal.App.4th 916, 922 (2007). California courts use a three pronged test to determine if liability for a mandatory duty may be imposed upon the public entity: 1) an enactment must impose a mandatory duty; 2) the enactment must intend to protect against the kind of risk of injury suffered by the plaintiff; and 3) breach of the mandatory duty must be a proximate cause of the injury suffered. Id. at 926; County of Los Angeles v. Superior Court, 102 Cal.App.4th 627 (2002). Therefore, in order to state a claim for breach of mandatory duty, Plaintiff must state the statutory duty that exists.

Plaintiff simply alleges "violations of the duties of care" under these sections, but does not further elaborate. Although Penal Code section 2600 sets out specific rights retained by prisoners, Plaintiff does not specify a statutory duty and therefore has failed to state a cognizable claim. Plaintiff may amend this claim, but he is notified that if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim, even if he cures the deficiencies and states a claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

J.     California Constitution

Plaintiff alleges a violation of the cruel and unusual punishment clause of the California Constitution. CA Constit. art. I section 17. However, there is no private cause of action for damages for violation of article 1, section 17. Giraldo v. California Dep't of Corr. and Rehab., 168 Cal.App.4th 231, 253-57 (Cal.Ct.App. 2008) (citing Katzberg v. Regents of the University of California, 29 Cal.4th 300, 329 (2002)); also Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar.

10, 2009). Accordingly, Plaintiff's state constitutional claim for damages is precluded.

Moreover, the standard under the Eighth Amendment and section 17 is the same. See In re Alva, 33 Cal.4th 254, 294 (2004) (there is "no basis to find a different meaning of 'punishment' for state purposes than would apply under the Eighth Amendment."). As explained above, Plaintiff has failed to state a claim under the Eighth Amendment and has therefore failed to state a claim under section 17.

Plaintiff also cites Article I, section 15 of the California Constitution. That section, however, pertains to the rights of a criminal defendant and does not appear to be relevant to Plaintiff's claims.

Plaintiff has failed to state a claim under the California Constitution and will not be permitted to amend.

**IV.     Conclusion And Order**

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with a **final opportunity** to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may only amend the claims specified above. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567

1 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114
2 F.3d at 1474.
3     Accordingly, based on the foregoing, it is HEREBY ORDERED that:
4   1.  The Clerk's Office shall send Plaintiff a complaint form;
5   2.  Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a
6 first amended complaint within **thirty (30) days** from the date of service of this
7 order; and
8   3.  If Plaintiff fails to comply with this order, the Court will dismiss this action for
9 failure to obey a court order and failure to state a claim.
10 **This is Plaintiff's final opportunity to amend.**

IT IS SO ORDERED.

Dated: **April 19, 2012**          /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE