1

2

3

4

5

6

7    **UNITED STATES DISTRICT COURT**

8    EASTERN DISTRICT OF CALIFORNIA

9

10   LARRY B. MOORE,                          Case No. 1:10-cv-00806-LJO-DLB PC

11            Plaintiff,                      **FINDINGS AND RECOMMENDATIONS
                                              RECOMMENDING DISMISSAL OF**
12        v.                                  **ACTION WITH PREJUDICE FOR
                                              FAILURE TO STATE A CLAIM**
13   EDMUND G. BROWN, et al.,
                                              ECF No. 27
14            Defendants.
                                              OBJECTIONS DUE WITHIN 14 DAYS
15

16   **I.    Background**

17        Plaintiff Larry B. Moore ("Plaintiff") was a prisoner in the custody of the California

18   Department of Corrections and Rehabilitation ("CDCR").   Plaintiff is proceeding pro se in this civil

19   action pursuant to 42 U.S.C. § 1983.  On May 10, 2010, Plaintiff filed his Complaint.  ECF No. 1.

20   On April 10, 2011, Plaintiff filed a First Amended Complaint.  ECF No. 13.  On August 15, 2011,

21   the Court dismissed Plaintiff's First Amended Complaint for failure to state a claim, with leave to

22   amend.  ECF No. 15.  On December 7, 2011, Plaintiff filed his Second Amended Complaint.  On

23   April 20, 2012, the Court screened Plaintiff's Second Amended Complaint and dismissed it for

24   failure to state a claim, with leave to amend.  ECF No. 22.  On August 24, 2012, Plaintiff filed his

25   Third Amended Complaint.  ECF No. 27.

26        The Court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

                                              1

1   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2   monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

3   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5   claim upon which relief may be granted."  *Id.* § 1915(e)(2)(B)(ii).

6         A complaint must contain "a short and plain statement of the claim showing that the pleader

7   is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

8   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

9   do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

10  U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

11  claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual

12  allegations are accepted as true, legal conclusions are not.  *Id.*

13  **II.    Summary of Third Amended Complaint**

14        Plaintiff was incarcerated at North Kern State Prison ("NKSP") in Delano, California and

15  Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this

16  action occurred.  Plaintiff names the following Defendants: California Governor Edmund Brown,

17  California Attorney General Kamala Harris, Secretary of CDCR Matthew Cate, Director of CDCR

18  George Giurbino, Principal Librarian of CDCR Jan Stuter, Superintendent of CDCR Education

19  Glenn Brocking, Principal of NKSP Ross Zimmerman, LTA of NKSP Denise Carr, Warden of

20  PVSP Paul Brazelton, Associate Warden of PVSP R. Fisher, Principal of PVSP J. Wynn, Vice

21  Principal of PVSP E. Lopez, Vice Principal of PVSP P. Longoria, librarian of PVSP B. Buenafe, and

22  S. C. Solis.  Plaintiff also names Does 1 through 10.

23        Plaintiff alleges the following.   On November 5, 2005, Plaintiff submitted a CDCR 602

24  inmate appeal pertaining to NKSP's A-yard law library.  During lockdown, the A yard library hours

25  changed.  Plaintiff requested priority legal user ("PLU") status, with court deadlines granting him

26  more frequent access to the law library.  However, Defendants Cate, Giurbino, Stuter, Brocking,

27  Zimmerman, and Carr did not allow him PLU status.  Plaintiff complained that the Defendants failed

28  to provide updated law, procedure, and local rules of courts.  Computers were eventually updated,

2

but many other law books were physically trashed.

On September 27, 2010, Plaintiff was transferred to PVSP against a judge's order. Defendants Brazelton, Fisher, Wynn, Lopez, Longoria, and Buenafe used untrained prison staff to handle library procedure.  Defendant Solis denied Plaintiff copies beyond fifty pages.  Defendant Solis also denied Plaintiff PLU status.  Plaintiff complains that the computers were not updated.

Plaintiff contends a violation of the First Amendment right to access the courts, and a violation of the Due Process and Equal Protection Clause of the Fourteenth Amendment.  Plaintiff requests as relief compensatory and punitive damages, declaratory and injunctive relief, and costs of suit.

III.   **Analysis**

A.   **Access to the Courts**

Inmates have a fundamental right of access to the courts.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011).  The right of individuals to pursue legal redress for claims that have a reasonably basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process.  *Id.* at 1103 (citing *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004)). Inmates have a right to litigate in the courts without active interference by prison officials.  *Id.*

Inmates also have a fundamental right of access to the courts which "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *limited in part on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1996). The right "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts.  *Lewis*, 518 U.S. at 356-57. For any claim, a prisoner must establish that he has suffered an actual injury, a jurisdictional requirement from standing that cannot be waived.  *Id.* at 349.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to

3

1    present a claim." *Id.* at 348 (citation and internal quotation omitted).

2         Plaintiff fails to state a claim against any Defendants.  Plaintiff fails to allege facts which

3    indicate that he was denied the capability of bringing challenges to his sentence.  Plaintiff also fails

4    to allege facts which indicate that he suffered an actual injury.

5         **B.      Supervisory Liability**

6         The term "supervisory liability," loosely and commonly used by both courts and litigants

7    alike, is a misnomer.  *Iqbal*, 556 U.S. at 677.  "Government officials may not be held liable for the

8    unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 676.

9    Rather, each government official, regardless of his or her title, is only liable for his or her own

10   misconduct.  *Id.* at 677.  When the named defendant holds a supervisory position, the causal link

11   between the defendant and the claimed constitutional violation must be specifically alleged.  *See*

12   *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

13   1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some

14   facts indicating that the defendant either: personally participated in the alleged deprivation of

15   constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880

16   F.2d 1040, 1045 (9th Cir. 1989).

17        Plaintiff alleges no facts against Defendants Brown, Harris, Cate, Giurbino, Stuter, Brocking,

18   Zimmerman, Carr, Brazelton, Fisher, Wynn, Longoria, Lopez, or Buenafe which indicate that they

19   personally participated in an alleged deprivation of constitutional rights or knew of violations and

20   failed to act to prevent them.

21        **C.      Equal Protection/Due Process**

22        Plaintiff alleges that the same conduct by Defendants violated Plaintiff's rights under the

23   Fourteenth Amendment.  "[W]here a particular amendment provides an explicit textual source of

24   constitutional protection against a particular sort of government behavior, that Amendment, not the

25   more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's

26   claims."  *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and

27   brackets omitted).  Accordingly, the First Amendment, not the more generalized Due Process

28   Clause, is applicable.

                                        4

1    Plaintiff also fails to state an Equal Protection claim.  "The Equal Protection Clause . . . is

2  essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v.*

3  *Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216

4  (1982)).  An equal protection claim may be established by showing that the defendant intentionally

5  discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano*

6  *v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were

7  intentionally treated differently without a rational relationship to a legitimate state purpose, *Village*

8  *of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Plaintiff alleges no facts which demonstrate a

9  violation of the Equal Protection Clause.

10  **IV.**     **Conclusion and Recommendation**

11    Plaintiff fails to state a claim against any Defendant.  The Court does not find that further

12  leave to amend should be granted because Plaintiff cannot cure the defect in the pleadings.  *Lopez v.*

13  *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Based on the foregoing, it is HEREBY

14  RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon

15  which relief may be granted.

16    These Findings and Recommendations will be submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days**

18  after being served with these Findings and Recommendations, the Plaintiff may file written

19  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

20  Findings and Recommendations."  The Plaintiff is advised that failure to file objections within the

21  specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d

22  1153, 1157 (9th Cir. 1991).

23

24  IT IS SO ORDERED.

25    Dated:   **February 26, 2013**                    /s/ *Dennis L. Beck*

26                                                        UNITED STATES MAGISTRATE JUDGE

27

28