# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY B. MOORE,<br><br>    Plaintiff,<br><br>  v.<br><br>SCHWARZENEGGER, et al.,<br><br>    Defendants. | Case No. 1:10-cv-00806 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>(Document 37 |

Plaintiff Larry B. Moore ("Plaintiff"), a California state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 10, 2010. The action was dismissed on April 24, 2013, for failure to state a claim for which relief may be granted.

On May 28, 2013, Plaintiff filed a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).[1]

The Court may grant relief under Rule 59(e) under limited circumstances: (1) an intervening change of controlling authority; (2) new evidence has surfaced; or (3) the previous disposition was clearly erroneous and, if uncorrected, would work a manifest injustice. Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir.2001).

Here, Plaintiff presents two arguments for altering the judgment. He first contends that the Court "must correct its files of the title of this action" by substituting Governor Brown for Governor

---

[1] Plaintiff signed and dated the motion on May 20, 2013.

1

Schwarzenegger.  While it is sometimes necessary to substitute parties, this is not a ground for altering the judgment.  Moreover, the change is unnecessary given the fact that Plaintiff's action has been dismissed.

Second, Plaintiff argues that Defendants are not entitled to qualified immunity.  He then continues to argue that his constitutional rights are being violated by regulations applicable to the prison law library.  Plaintiff's dismissal was not based on a finding of qualified immunity.  Instead, the Court screened his complaint pursuant to 28 U.S.C. § 1915A(a) and determined that it failed to state a claim for which relief could be granted.

Finally, Plaintiff's arguments related to the merits of his claims do not present a basis for altering or amending the judgment.  There has been no intervening change in the law since the April 24, 2013, judgment, and Plaintiff presents no new evidence.  Plaintiff's arguments have also been addressed by the Court in prior rulings in this action, and there is indication that the judgment was clearly erroneous.

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **July 25, 2013**              **/s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE